**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Prayer Feather Farrow</u>

    v.                                          Civil No. 10-cv-058-PB

<u>William L. Wrenn et al.</u>[1]

**ORDER**

Pro se plaintiff Prayer Feather Farrow has filed a complaint (doc. no. 1), asserting that defendants have violated, and continue to violate, his federal statutory and constitutional rights by applying a prison policy to restrict his practice of a Native American (Lakota) religion.  The complaint (doc. no. 1) is before me for preliminary review to identify cognizable claims and to dismiss portions that, among other things, fail to state a claim upon which relief can be granted or seek monetary relief from any defendant who is immune.  <u>See</u> 28 U.S.C. § 1915A (requiring district courts to screen prisoner complaints seeking redress from government officers and agencies); United States

---

[1] In addition to William L. Wrenn, Commissioner, New Hampshire Department of Corrections, the complaint (doc. no. 1) names as defendants Larry Blaisdell, Warden, Northern New Hampshire Correctional Facility ("NCF"); and Susan Young, NCF Program Director.

District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (magistrate judge is designated to conduct preliminary review of prisoner complaints).

The Report and Recommendation issued this date identifies the claims asserted by Farrow. In brief, Farrow has alleged that defendants have violated his federal statutory and First Amendment rights, and he has requested injunctive relief under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-1 to -5, as well as the clerk's fee if he prevails. In the Report and Recommendation, I have recommended that the court dismiss the section 1983 claims asserted against each defendant in his or her individual capacity, as distinct from his or her official capacity, because Farrow has not requested money damages. If approved, the Report and Recommendation would permit Farrow's claims to proceed against defendants in their official capacities only, including their supervisory capacity.

## Conclusion

For reasons stated above and in the Report and Recommendation issued this date, I hereby direct the Clerk's office to serve the New Hampshire Office of the Attorney General

("AG"), as provided in the Agreement On Acceptance Of Service, copies of this Order, the Report and Recommendation, and the Complaint (doc. no. 1).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf, for the claims asserted against them in their official capacities.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

If any defendant does not authorize the AG's office to receive service on his or her behalf or the AG declines to represent him or her, the AG shall, within thirty days from receipt of the aforementioned materials, provide the court with that defendant's last known address.  The Clerk's office is instructed to complete service on those defendants, if any, in accordance with this Order and Fed. R. Civ. P. 4(c)(3).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Farrow is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or

their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  June 9, 2010

cc:   Prayer Feather Farrow, pro se

LBM:nmd