**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Prayer Feather Farrow</u>

    v.                                                      Civil No. 10-cv-058-PB

<u>William L. Wrenn et al.</u>

### **O R D E R**

Before the court is plaintiff Prayer Feather Farrow's motion for appointment of counsel (doc. no. 6). In addition, I must consider an issue relating to the proper service of defendants in this case.

Farrow's claims in this case are that defendants, William L. Wrenn, Commissioner, New Hampshire Department of Corrections; Larry Blaisdell, Warden, Northern New Hampshire Correctional Facility ("NCF"); and Susan Young, NCF Program Director, have violated his federal statutory and First Amendment rights to exercise his Native American religion. He seeks injunctive relief under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-1 to -5, as well as reimbursement of his filing fee, to redress these claimed violations.

In the Report and Recommendation issued on June 9, 2010 (doc. no. 4), I recommended that the court dismiss the section

1983 claims asserted by Farrow against each defendant in his or her individual capacity.  If approved, the Report and Recommendation would permit Farrow's claims under section 1983 and RLUIPA to proceed against defendants in their official capacities, including their supervisory capacities.

I.   Counsel

For reasons set forth in the motion for appointment of counsel (doc. no. 6), and in light of Attorney Vogelman's agreement to represent Farrow as requested, the motion (doc. no. 6) is granted.  See 28 U.S.C. § 1915(e)(1).  Attorney Vogelman is hereby appointed to represent Farrow in connection with Farrow's religious freedom claims.  Counsel shall accordingly file an appearance in this case.  See LR 83.6.

II.  Service

On June 9, 2010, I issued an Order (doc. no. 5) directing service of this action in accordance with the Agreement on Acceptance of Service, which applies to certain prisoners filing complaints in forma pauperis.  Farrow, however, paid the filing fee in this case.  Therefore, the Order (doc. no. 5) directing service in accordance with the Agreement on Acceptance of Service is rescinded and the following service instructions are

substituted:

The Clerk shall prepare and issue a summons against each defendant and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of this Order, the Report and Recommendation (doc. no. 4), and the Complaint (doc. no. 1).  <u>See</u> LR 4.3(d)(2)(C).  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants Wrenn, Blaisdell, and Young.  <u>See</u> Fed. R. Civ. P. 4(c)(3).

Defendants are instructed to answer or otherwise plead within twenty days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Farrow is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  June 23, 2010

cc:  Prayer Feather Farrow, pro se
     Lawrence A. Vogelman, Esq.